*574 JAMES L. DENNIS, Circuit Judge,
concurring in the judgment:
Based on the evidence of intellectual disability that was presented to the jury in this case, I concur in the denial of a certifí-cate of appealability on the petitioner’s claim of ineligibility for the death penalty under Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). However, with respect to the so-called “Briseno factors” that Texas applies to Atkins claims, see Ex parte Briseno, 135 S.W.3d 1, 8-9 (Tex.Crim.App.2004), which the majority says are “appropriate,” ante, at 572, I adhere to my views expressed in Chester v. Thaler, 666 F.3d 340 (5th Cir.2011) (Dennis, J., dissenting), namely, that such factors may, depending on how they are applied, run afoul of Atkins. But in this case, the Briseno factors are simply irrelevant because the jury, to which the petitioner’s Atkins claim was submitted and rejected, was not instructed as to the Bri-seno factors, and, thus, such factors did not and could not have affected the rejection of the Atkins claim. See Williams v. State, 270 S.W.3d 112, 133-34 (Tex.Crim.App.2008) (jury instruction). And, in affirming the jury’s conclusion, the Texas Court of Criminal Appeals did not purport to apply the Briseno factors in any manner either. In short, this case provides no occasion for us to opine in the abstract on whether the Briseno factors are generally “appropriate,” and I do not join the majority’s advisory opinion to that effect.
As for the petitioner’s ineffective-assistance-of-counsel claims, I concur.